## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY D. WILSON,

        **Petitioner,**

    **vs.**                            **Case No. 17-cv-0778-DRH**

T.G. WERLICH,

        **Respondent.**

## <u>ORDER</u>

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Greenville Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence as a career offender pursuant to the Armed Career Criminal Act ("ACCA"). *United States v. Wilson*, No. 07-cr-20090-MPM (C.D. Ill.) ("criminal case"). The Petition was filed on July 25, 2017. Petitioner requests resentencing without the ACCA enhancement.

Normally the Court would conduct a brief review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. However, it has come to the Court's attention that this action may be duplicative of another currently pending action in the Central District. For reasons explained below, Petitioner is **DIRECTED** to **SHOW CAUSE** why this case should not be dismissed without prejudice as duplicative of Case No. 2:15-cv-2266-SLD (C.D. Ill.) ("15-2266").

**The Petition**

Petitioner argues that the Supreme Court's recent decision in *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016) suggests that his enhanced sentence under the ACCA is unconstitutional. (Doc. 1, p. 6). Specifically, he argues that his underlying conviction for Illinois Residential Burglary should not have been considered under the ACCA. *Id.* Petitioner requests that the Court vacate his sentence and resentence him without the ACCA. (Doc. 1, p. 8).

Petitioner has informed the Court that he has another habeas case pending in the Central District. A review of that case's docket[1] shows that Petitioner has been appointed an attorney, and that the attorney filed an amended petition on June 21, 2016. (15-2266, Doc. 9). The Amended Petition filed by the attorney specifically argues that "Mr. Wilson's residential burglary conviction no longer qualifies as a violent felony and he is not an armed career criminal. Furthermore the armed bank robbery offense underlying the § 924(c) conviction categorically fails to qualify as a crime of violence within the meaning of [the ACCA,] 18 U.S.C. § 924(c)(3)(A)." (15-2266, Doc. 9, pp. 1-2). The *Mathis* decision came out a mere 2 days after the Amended Petition was filed. 136 S.Ct. 2243. The government filed a Response to the Amended Petition on September 2, 2016, and Petitioner's counsel filed a reply on September 20, 2016. (15-2266, Doc. 12, Doc. 13). The Reply specifically argues that *Mathis* is relevant to determining whether Petitioner's residential burglary conviction is

---

[1] Judicial notice may be taken of matters of public record. *Henson v. CSC Credit Services*, 29 F.3d 280 (7th Cir. 1994).

an enumerated burglary. (15-2266, Doc. 13, p. 2). It also argues that the substantive rule announced in *Mathis* would apply when ruling on a timely issue based on *Johnson v. United States*, 135 S.Ct. 2551 (U.S. 2015). (15-2266, Doc. 13, p. 9). To date, no decision has been entered by the Central District on Petitioner's § 2255 Petition.

On October 13, 2016, despite being represented by counsel, Petitioner began filing pro-se motions with the Central District. (15-2266, Doc. 14). On February 13, 2017, Petitioner filed a "Notice of Favorable Recent Changes in the Law." (15-2266, Doc. 16). Among other issues, the "Notice" points to *Mathis*, and argues that it is permissible to consider *Mathis* in a first-time § 2255 Petition. (15-2266, Doc. 16, pp. 6-7). Since filing that Motion, Petitioner has brought 2 motions to voluntarily dismiss his Central District case. (15-2266, Doc. 18, 19). To date, the Central District has not ruled on any of Petitioner's pro-se motions or otherwise addressed them.

## Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). In this case, Petitioner is clearly attacking his sentence. In under to proceed under § 2241, he is required to show that § 2255 is not available to

him.  But unlike the typical § 2241 litigant, Petitioner's § 2255 proceeding has not concluded.  No ruling has been issued on his § 2255 Motion, or the motions he has filed since October 2016.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e).  In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255 motion."  *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).  A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241.  First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

It is questionable whether Petitioner has actually triggered the savings clause because he appears incapable of meeting the second element.  He cannot

show that § 2255 is ineffective to raise this issue because his § 2255 case is still on-going and, more importantly, Petitioner has actually raised the issue that he seeks to raise in this case in his § 2255 proceeding. Both Petitioner's appointed counsel and Petitioner himself have attempted to draw the Central District's attention to *Mathis* and its potential implications on Petitioner's sentence. They both have also argued that Petitioner's Illinois burglary conviction should not have been counted for purposes of applying the ACCA. It would be inconsistent for Petitioner to argue that he could not invoke *Mathis* on § 2255 when a review of the docket shows that he did invoke *Mathis*, repeatedly.[2]

Additionally, the Court may dismiss litigation "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in . . . federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). The determination is discretionary, and district courts are given latitude to exercise that discretion, but generally, a suit will be considered duplicative if the claims, parties, and relief requested do not significantly vary between the actions. *McReynolds v. Merrill Lynch Co. Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012); *Lancaster v. Fairman*, No. 83 C. 8895, 1985 WL 990 at *1 (N.D. Ill. April 25, 1985) (dismissing habeas petition as duplicative). Here the claim is clearly duplicative, as Petitioner is behind both

---

[2] Depending on how the Central District rules, it may be possible to argue that § 2255 was unavailable, but such determination can only be made after there is a ruling to consider.

suits, has raised the same arguments in both suits, and requests vacation of his original sentence and resentencing in both suits. Judicial economy considerations therefore appear to justify dismissal.

In the alternative, the Court may also stay cases deemed duplicative. *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000). Outright dismissal is appropriate when it is clear that the same party filed all of the suits, provided that it is apparent that dismissal will not adversely affect any litigant's interests. *Id.* at 444-45. As Petitioner has brought both actions under discussion here and the actions raise identical issues, dismissal appears most appropriate.

Of course, Petitioner has notified this Court of his intention to dismiss the Central District case. However, Petitioner is beyond the time where he will be permitted to dismiss his suit without leave of court; his § 2255 is fully briefed and ready for disposition. He cannot dismiss the action without leave of the court, which it has not yet granted. Courts will also frequently limit the ability of litigants to go around their recruited counsel by striking any motions filed pro-se while a litigant is represented. As the Central District has not acted on Petitioner's Motions at this time, it is of little use to speculate how it will rule, but the uncertainty counsels caution at this stage.

Petitioner shall be permitted to **SHOW CAUSE** (give this Court a reason) why this case should not be dismissed at this time as duplicative, taking into consideration the points raised above. Any such dismissal would be without

prejudice to any valid subsequent § 2241 petition. Petitioner shall **SHOW CAUSE** no later than October 12, 2017 (21 days from the date of this Order) why this case should not be dismissed without prejudice as duplicative of 15-2266.

   **IT IS SO ORDERED.**

Digitally signed by
Judge David R.
Herndon
Date: 2017.09.21
11:11:29 -05'00'

**United States District Judge**