# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY WILSON, #08456-026, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 17-cv-00778-NJR ) |
| T. G. WERLICH, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Larry Wilson, an inmate in the Federal Bureau of Prisons currently incarcerated at Greenville Federal Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and, subsequently, filed an amended petition.[1] (Docs. 1, 13). Wilson, who was sentenced under the Armed Career Criminal Act (ACCA), seeks to challenge his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016) and related case law. Relying on *United States v. Haney*, 840 F.3d 472 (7th Cir), he asserts his prior conviction for residential burglary under Illinois law no longer qualifies as an ACCA predicate offense. Further, he argues *Smith v. United States*, 877 F.3d 720, 722 (7th Cir. 2017), is not controlling because it addressed whether an Illinois residential burglary conviction qualified as an ACCA predicate offense based on a 1987 version of Illinois law, and he was convicted under a different version in effect in 1985. Additionally, he argues that he is entitled to immediate release.

---

[1] This action was filed on July 25, 2017, but stayed on October 30, 2017, because Wilson had a pending habeas corpus action in the Central District of Illinois, No. 15-cv-2266-SLD that raised similar issues. (Docs. 1, 11). That case has been dismissed, the stay has been lifted, and Wilson filed an Amended Complaint. (Docs. 14, 15, 16).

1

Without commenting on the merits of Wilson's claim, the Court concludes that the Amended Petition survives preliminary review under Rule 4 and Rule 1(b). **Further, in light of Wilson's allegations regarding entitlement to immediate release, an expedited response period will be prescribed**.

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead on or before **May 15, 2019**.[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c)(1), *should all the parties consent to such a referral.*

Wilson is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: April 30, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. See SDIL-EFR 3.